Thomas B. Hadaway, S.
The petitioner herein seeks leave of this court to issue an execution against real property alleged to have been owned by the decedent at the time of her death on a judgment recovered by it in the Supreme Court, Orange County, and docketed in the Orange County Clerk’s office on November 25, 1968.
• Tfie decedent died on May 21,1969, and the respondent, Frank Agresti, was appointed administrator of her estate by this court on June 13, 1969.
The respondent, Frank Agresti, as administrator, opposes the application on the ground that the petitioner did not file a claim with the administrator of the estate, prior to the commencement of this proceeding, pursuant to the provisions of SCPA 1803.
The present proceeding has been commenced pursuant to the provisions of CPLB 5208, which states that, except where otherwise prescribed by law, after the death of a judgment debtor, an execution upon a money judgment shall not be levied upon any debt owed to him or any property in which he has an interest, nor shall any other enforcement procedure be undertaken with respect to such debt or property, except upon leave of the Surrogate’s Court which granted letters testamentary or letters of administration upon the estate, and of SCPA 1812 which sets forth the procedure to obtain leave to issue execution against a decedent’s real property.
SCPA 1803, relied upon by the administrator of the estate, states that every claim against the estate of a decedent other than claims for expenses of administration and claims of the United States, or the State of New York, must be in writing, and shall be presented to the fiduciary by delivering a copy thereof to him personally, or by mail, addressed to him at the place of residence stated in the designation required by SCPA 708, or if a notice has been published pursuant to SCPA 1801, at the place specified therein. Subdivision 3 of that section then reads as follows, the italics having been supplied for the pur *312 pose of emphasis only, to wit: “ 3. No claimant shall be entitled to enforce payment of his claim in any proceeding in the court unless his claim be presented in accordance with the provisions of this section or unless it shall be based upon a decree or order of the court or a valid judgment rendered by a court of competent jurisdiction.”
A claim against a decedent’s estate based on a valid judgment rendered by a court of competent jurisdiction is, therefore, exempted from the provisions of SCPA 1803, with respect to the filing of notice thereof.
No claim has been made herein that the judgment obtained by the petitioner in the Supreme Court against the decedent, prior to the date of her death, as alleged in the petition is not valid and enforceable. See CPLR 5208, which states, in effect, that a judgment lien existing against real property, at the time of a judgment debtor’s death, shall continue for two years thereafter, or 10 years after the filing of the judgment roll, whichever is later.
The application is granted.